UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANI J. KOSE,<br><br>   Plaintiff,<br><br>   v.<br><br>H. SIEZ, et al.,<br><br>   Defendants. | Case No.: 1:23-cv-00557-KES-CDB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 32) |

Plaintiff Wani J. Kose is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Saiz and his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Negre and Walker.

**I.   INTRODUCTION**

The Court issued its Discovery and Scheduling Order on January 3, 2024. (Doc. 24.) Relevant here, the deadline for the filing of dispositive motions was set for November 12, 2024. (*Id*.)

On November 12, 2024, Defendants filed a Motion to Modify the Discovery and Scheduling Order. (Doc. 32.)

//
//

## II. DISCUSSION

### *Defendants' Motion*

Defendants seek a 60-day extension of the deadline for the filing of dispositive motions to January 11, 2025. (Doc. 32.) The motion is supported by the Declaration of Patricia M. Kealy. (Doc. 32-1.) Ms. Kealy was assigned to represent Defendants on October 3, 2024. (*Id*., ¶ 3.) She has been fully engaged in familiarizing herself with the case, investigating Plaintiff's allegations, and "drafting a dispositive motion to the extent possible." (*Id*.) Defense counsel states that since being assigned to this case, her workload in other matters has impacted her ability to "thoroughly analyze the viability of and complete a dispositive motion on behalf of Defendants." (*Id*., ¶ 4.) Specifically, Ms. Kealy recently prepared for, traveled to, and participated in an evidentiary hearing involving nine witnesses, prepared for and conducted a deposition, and filed "multiple oppositions to motions," in four other actions filed in this Court. (*Id*.) Further, Ms. Kealy declares her workload in other matters will continue to impact her ability to complete a summary judgment motion in this action because over the next six weeks she will prepare for and attend depositions in two actions filed in this district, prepare for and attend a settlement conference in another, and draft an answering brief in a matter pending before the Ninth Circuit Court of Appeals. (*Id*., ¶ 5.) Counsel contends additional time in needed "to fully assess the viability of a dispositive motion and complete such motion on behalf of Defendants." (*Id*., ¶ 6.) This is Defendants' first request to modify the scheduling order and counsel believes good cause exists to extend the filing deadline to January 11, 2024. (*Id*., ¶¶ 7-8.) Counsel declares this motion is not brought for any improper purpose or to delay or harass Plaintiff in the prosecution of the action, nor will the requested extension significantly impact the progress of the case or unfairly prejudice Plaintiff. (*Id*., ¶ 9.)

### *Applicable Legal Standards*

District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), (b)(4); *see, e.g*., *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a

schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

*Analysis*

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action <u>as soon as the need for an extension becomes apparent</u>." L.R. 144(d) (emphasis added). Here, given counsel's representations concerning the extensive and time-consuming preparation required of her in other matters, it should have become apparent before the dispositive motion filing deadline of November 12, 2024, that an extension was needed. Therefore, under Local Rule 144, Defendants were required to file their current motion to modify the Discovery and Scheduling Order before now.

The Court disfavors granting nunc pro tunc and ex parte relief and directs Defendants to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that they seek to extend. Nevertheless, given defense counsel's representations in her declaration, the Court finds good cause to grant the relief requested.

**III.   CONCLUSION AND ORDER**

Accordingly, for good cause shown, the Court **ORDERS** as follows:

1. Defendants' motion to modify the scheduling order (Doc. 32) is **GRANTED**; and
2. The Discovery and Scheduling Order is **MODIFIED** to extend the deadline for the filing of dispositive motions from November 12, 2024, to **January 11, 2025**.

IT IS SO ORDERED.

Dated:   **November 13, 2024**

UNITED STATES MAGISTRATE JUDGE

3