UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANI J. KOSE,<br><br>   Plaintiff,<br><br>   v.<br><br>H. SIEZ, et al.,<br><br>   Defendants. | Case No.: 1:23-cv-00557-KES-CDB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE: ORDER SETTING SETTLEMENT CONFERENCE AND TO STAY CASE DEADLINES**<br><br>(Doc. 34) |

Plaintiff Wani J. Kose is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Saiz and his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Negre and Walker.

**I.    PROCEDURAL BACKGROUND**

Following service of process, Defendants filed an answer to the operative complaint on November 7, 2023. (Doc. 18.)

On November 8, 2023, the Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (Doc. 19.) When counsel for Defendants filed notice indicating she did not believe a settlement conference would be productive,[1] and Plaintiff failed to file a notice

---

[1] Defendants were then represented by attorney Ariel Kahn.

concerning ADR,² the Court issued its Order Lifting Previously Imposed Stay and Order Directing Clerk of the Court to Issue Discovery and Scheduling Order (Doc. 23) on January 3, 2024. That same date, a Discovery and Scheduling Order (Doc. 24) issued. The scheduling order provided the following deadlines: (1) an April 3, 2024, deadline for amending pleadings; (2) a May 3, 2024, deadline for filing an exhaustion motion; (3) a September 3, 2024, deadline for the completion of discovery; and (4) a November 12, 2024, deadline for filing a dispositive motion. (*Id*.)

Thereafter, on November 12, 2024, Defendants³ filed a motion seeking modification of the Discovery and Scheduling Order, to extend the dispositive motion filing deadline. (Doc. 32.) In its November 14, 2024, Order Granting Defendants' Motion to Modify the Discovery and Scheduling Order, the Court extended the dispositive motion filing deadline from November 12, 2024, to January 11, 2025.⁴ (Doc. 33.) Additionally, the Court advised defense counsel that requests for extension of time should be sought as soon as the need becomes apparent, that "it should have become apparent before the dispositive motion filing deadline of November 12, 2024, that an extension was needed," and that the Court disfavors such requests. (*Id*. at 3.)

On January 13, 2025, Defendants filed a motion for administrative relief, asking the Court to stay these proceedings, vacate the dispositive motion filing deadline, and to set this matter for a settlement conference. (Doc. 34.)

**II.     DISCUSSION**

*Defendants' Motion*

Defendants ask the Court to schedule a settlement conference "to bring the parties before the Court" for a potential resolution of the matter. (Doc. 34 at 1.) Defendants also request the

---

² The docket for this action reflects that Plaintiff filed a notice on January 19, 2024. However, a review of that filing reveals it to be a copy of Defendants' notice, bearing the same date and signature, and indicating the party does not wish to participate in an early settlement conference. Although an additional box is checked indicating the party would like to participate in person, the notice is not signed by Plaintiff. Moreover, the proof of service included with the January 19, 2024, is a copy of the proof of service previously submitted by Defendants and was prepared by an employee of the California Attorney General's Office on December 20, 2023. (*See* Doc. 27 [cf. Doc. 22].) Finally, even presuming Plaintiff completed the notice filed January 19, 2024, it was untimely by almost 30 days.

³ By this date, Defendants were represented by current counsel, Patricia Kealy.

⁴ Because January 11, 2025, was a Sunday, the deadline defaulted to Monday, January 13, 2025.

2

1    Court stay these proceedings "and vacate the pending dispositive motion deadline" of January 13,
2    2025. (*Id.*) In a supporting declaration, Patricia M. Kealy declares that in the preceding three
3    months she has been familiarizing herself with "the post-discovery case file" compiled by a
4    previously assigned deputy attorney general, investigating the claims alleged, and analyzing the
5    viability of a dispositive motion. (*Id*. at 3, ¶ 3.) Following modification of the Discovery and
6    Scheduling Order, counsel "sought to analyze and prepare a dispositive motion," and in doing so,
7    realized "the need to request and review extensive medical record documentation that had not
8    previously been obtained and assess potential medical options for medical opinions, which had
9    also not previously been obtained." (*Id*., ¶ 4.) Counsel declares that as she investigated and
10   analyzed the facts, she "assessed that settlement of this matter at this stage, if possible, would be a
11   more efficient use of time and resources" and has the potential to facilitate a speedy resolution of
12   the action. (*Id*., ¶ 5.) Counsel states she attempted to schedule a date and time for a phone call
13   with Plaintiff, but due to limited availability during the holidays, was unable to do so. (*Id*. at 3-4,
14   ¶ 6.) Following conference with her supervisor, counsel contacted the undersigned's courtroom
15   deputy "to inquire about the Court's preferred method for requesting a settlement conference and
16   stay of this case's deadlines. According to counsel, upon receiving confirmation on the afternoon
17   of January 10, 2025, that a settlement conference "would be scheduled," counsel began preparing
18   the instant motion. (*Id*. at 4, ¶ 7.)

19         Next, counsel states, "Understanding this Court's disfavor of granting ex parte relief [5], I
20   believe a request for a stay in case deadlines and referral for a settlement conference … more
21   judiciously prudent than requesting an additional extension of the dispositive motion deadline."
22   (*Id*., ¶ 8.) Finally, counsel believes good cause exists to set a settlement conference and to stay
23   these proceedings, and declares the motion is not brought for any improper purpose or to delay or
24   harass Plaintiff in the prosecution of the action, nor will it significantly impact the progress of the
25   case or unfairly prejudice Plaintiff. (*Id*., ¶¶ 9-10.)

---

[5] The Court's disfavor stems not from the form of the request but from its submission on the same date the subject deadline is set to expire.

*Analysis*

District courts have broad discretion to manage discovery and to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), (b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Further, a district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court may decide to stay the civil case when required by the interests of justice").

Once again, Defendants have submitted an untimely request to this Court. The deadline to submit a dispositive motion was extended at Defendants' request by two months (to January 13, 2025), and Defendants filed the instant motion on January 13, 2025, seeking to stay that very deadline. The Court finds Defendants have not shown good cause to modify or to stay the deadline. The Court further concludes the interests of justice do not warrant a stay of these proceedings. *Johnson.*, 975 F.2d at 609; *Fed. Sav. & Loan Ins. Corp.*, 889 F.2d at 902; *see, e.g., Reed v. City of Modesto*, No. 1:11-cv-01083-AWI-GSA, 2014 WL 6607924, at *3 (E.D. Cal. Nov. 19, 2014) (denying modification of the scheduling order to re-open fact discovery and file a dispositive motion and finding Defendants failed to act diligently). The motion will be denied, and as discovery is closed, Defendants will be directed to meet and confer with Plaintiff to identify possible dates and times for a pretrial conference and trial before District Judge Kirk E. Sheriff. Further, Defendants will be directed to file a joint status report, including all available dates and times for those proceedings. If during the meet and confer proceedings, all parties are agreeable to participating in a settlement conference[6] before the pretrial conference and trial, the

---

[6] The Court notes Defendants' statement that they received "confirmation" from the undersigned's courtroom deputy that a settlement conference would be scheduled in this matter is somewhat misleading. A review of the email exchange between defense counsel and the courtroom deputy reveals defense counsel did not specifically or clearly advise Ms. Boren of the current procedural posture of this action, to include the fact that the order referring this matter to early ADR proceedings issued more than a year ago and that Defendants opted not to participate in such

4

joint status report shall reflect same and shall further provide the parties'[7] available dates and times for such a proceeding, well in advance of any suggested pretrial conference and trial dates.

Significantly too, the Court notes that discovery closed in this action on September 3, 2024. (*See* Doc. 24.) That deadline was never modified. (*See* docket.) Thus, Defendants' current statements that additional "extensive medical record documentation" was needed after November 14, 2024, and before January 13, 2025, in order to adequately prepare a dispositive motion in this action raises additional questions and concerns. No mention was made of the need for additional materials in Defendants' November 12, 2024, motion. (*See* Doc. 32.) In that motion, Defendants stated defense counsel had "worked diligently to familiarize herself with the case, investigate Plaintiff's allegations, and [to] draft a dispositive motion …." (Doc. 32-1 at 2.) Defendants further indicated an additional extension was not anticipated. (*Id.* at 3.) In short, Defendants' stated need for additional medical records[8] more than four months after the close of discovery is concerning.

In conclusion, Defendants' motion will be denied. There exists no good cause to modify the dispositive motion deadline or to stay that deadline. The time for filing a dispositive motion has passed and this action shall otherwise proceed to trial.

### III.   CONCLUSION AND ORDER

Accordingly, this Court **HEREBY ORDERS**:

1. Defendants' motion for administrative relief (Doc. 34) is **DENIED**;
2. The parties **SHALL** meet and confer, **within 14 days of the date of this order**, concerning available dates and times for a pretrial conference and trial before District Judge Kirk E. Sherriff; and

---

proceedings at that time. Nor is there any suggestion that Plaintiff wished to participate in a settlement conference, as would be the case were one to be set following notices by all parties of a willingness to participate in early ADR proceedings. Further, although the courtroom deputy responded to the email in a manner reasonably indicating coordination would be undertaken for a settlement conference, nothing in the email could be construed as a suggestion by the courtroom deputy that the Court agreed to convene for settlement conference.

[7] Defense counsel will be expected to preliminarily clear the proffered suggested dates and times with Plaintiff's housing institution.

[8] It is unclear whether these records have been obtained as defense counsel's declaration is lacking in detail and relevant dates.

3. The parties **SHALL** file a joint status report, as outlined above and prepared by defense counsel, **within 21 days of the date of this order**. The status report must provide available dates and times for the pretrial conference and trial, as well available dates and times for a settlement conference, if all parties wish to participate in a settlement conference.

IT IS SO ORDERED.

Dated:   **January 16, 2025**

UNITED STATES MAGISTRATE JUDGE

6