UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANI J. KOSE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. SIEZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00557-KES-CDB<br><br>**ORDER RE DEFENDANTS' STATUS REPORT**<br><br>(Doc. 48)<br><br>**DEADLINE: September 16, 2025** |

Plaintiff Wani J. Kose is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Saiz and his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Negre and Walker.

**I.　BACKGROUND**

On April 29, 2025, the Court issued its Second Scheduling Order in this action. (Doc. 44.) A pretrial conference was set for November 10, 2025, at 3:30 p.m., and jury trial was scheduled for January 21, 2026, at 8:30 a.m., before assigned District Judge Kirk E. Sherriff. (*Id*.)

On July 25, 2025, defense counsel Patricia M. Kealy filed a document titled "Plaintiff's Notice of Voluntary Dismissal with Prejudice of Defendants Negre and Walker." (Doc. 45.)

On July 28, 2025, Defendant Saiz filed a Stipulation for Voluntary Dismissal with Prejudice. (Doc. 46.)

1    Thereafter, on July 31, 2025, the Court issued its Order Regarding Plaintiff's Notice of
2 Voluntary Dismissal and the Stipulation to Voluntary Dismissal. (Doc. 47.) It directed the parties
3 to file a single stipulation to voluntary dismissal no later than September 2, 2025. (*Id*. at 2.)
4 Alternatively, if the parties could not file a stipulation as ordered by September 2, defense counsel
5 was directed to file a status report by that same date. (*Id*. at 3.)

6    On September 2, 2025, Defendants filed a status report. (Doc. 48.)

7    **II.    DISCUSSION**

8    Defendants indicate that following the Court's July 31 order, defense counsel contacted
9 the California Men's Colony to arrange to speak with Plaintiff to "explain the request of the
10 parties, and ask that he review and sign a revised Stipulation for Voluntary Dismissal with
11 Prejudice …." (Doc. 48 at 1.) A call was scheduled for August 25, 2025. (*Id*.) However, on that
12 date, defense counsel as informed that Plaintiff had been transferred to the California Health Care
13 Facility. (*Id*. at 2.) A call was scheduled at that facility for August 27, 2025, at 12:10 p.m. Prior to
14 the call, Plaintiff was provided with a copy of the revised stipulation and other settlement
15 documents for Plaintiff's completion via the institution's litigation coordinator.

16    Defendants state defense counsel and Plaintiff spoke for 20 minutes about the relevant
17 documents. Plaintiff indicated a willingness to sign the revised stipulation following the call.
18 (Doc. 48 at 2.) However, Plaintiff was hesitant to complete the payee data record form required
19 by the California Department of Corrections and Rehabilitation. (*Id*.) Plaintiff sought "clarifying
20 information from CDCR regarding the distribution of settlement funds" and stated he would sign
21 the revised stipulation upon receipt of that clarification. (*Id*.)

22    A telephone call between Plaintiff and defense counsel is anticipated "between September
23 4, 2025, and September 11, 2025." (Doc. 48 at 2.) Thus, Defendants anticipate receiving and
24 filing the revised stipulation for voluntary dismissal "on or before September 16, 2025." (*Id*. at 2-
25 3.)

26    Given the above, the Court will extend the previously imposed deadline for the filing of
27 stipulated voluntary dismissals in this action. The undersigned further modifies the Court's earlier
28 order (Doc. 47) as follows: the parties need not file a single stipulated dismissal, but rather, may

2

file two separate stipulations provided those stipulations comport with Rule 41(a)(1)(A), Fed. R. Civ. P. *See* (Doc. 47 at 2).

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The deadline for filing stipulated voluntarily dismissals is **EXTENDED** from September 2, 2025, **to September 16, 2025**; and
2. The parties are advised that no further extensions of this deadline will be entertained absent extraordinary circumstances.

IT IS SO ORDERED.

Dated:   **September 3, 2025**                          _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

3