UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANI J. KOSE,<br><br>            Plaintiff,<br><br>     v.<br><br>H. SIEZ, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00557-KES-CDB<br><br>**ORDER REGARDING OUTSTANDING DISPOSITIONAL DOCUMENTS**<br><br>**ORDER SETTING STATUS CONFERENCE**<br><br>**ORDER DENYING REQUEST FOR THE APPOINTMENT OF COUNSEL**<br><br>(Doc. 53) |

Plaintiff Wani J. Kose is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendant Saiz and his Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Negre and Walker.

**I.     RELEVANT BACKGROUND**

On April 29, 2025, the Court issued its Second Scheduling Order. (Doc. 44.) A pretrial conference was set for November 10, 2025, at 3:30 p.m., and jury trial was scheduled for January 21, 2026, at 8:30 a.m., before assigned District Judge Kirk E. Sherriff. (*Id.*)

On July 25, 2025, defense counsel Patricia M. Kealy filed a document titled "Plaintiff's Notice of Voluntary Dismissal with Prejudice of Defendants Negre and Walker." (Doc. 45.)

On July 28, 2025, defense counsel filed a Stipulation for Voluntary Dismissal with

1  Prejudice concerning Defendant Saiz. (Doc. 46.)

2  On July 31, 2025, the Court issued its Order Regarding Plaintiff's Notice of Voluntary Dismissal and the Stipulation to Voluntary Dismissal. (Doc. 47.) It determined Plaintiff could not "unilaterally dismiss Negre and Walker from this action under Rule 41(a)(1)(A)(i)" considering their November 7, 2023, answer to the operative complaint, but noted "the parties may jointly stipulate to dismissal of Negre and Walker pursuant to Rule 41(a)(1)(A)(ii)." (*Id*. at 2.) Further, the Court indicated it would "take no action on the filings of July 25, 2025, and July 28, 2025, to allow the parties to file a single stipulation to voluntary dismissal of this action against Defendants." (*Id*.) The parties were directed to file a single stipulation no later than September 2, 2025, and were further ordered to file a status report on that same date in the event a stipulation could not be timely filed. (*Id*. at 2-3.)

Following the filing of a status report on September 2, 2025 (Doc. 48), the Court extended the deadline for submission of a stipulation to voluntary dismissal to September 16, 2025. (Doc. 49.) Further, the Court modified its earlier order to allow the parties to "file two separate stipulations provided those stipulations comport with Rule 41(a)(1)(A)" of the Federal Rules of Civil Procedure. (*Id.* at 2-3.) On September 16, 2025, the deadline for filing dispositional documents was extended to September 30, 2025, by Court order. (Doc. 51.)

On September 29, 2025, Plaintiff filed a document titled "Wittness [sic] Listing," docketed as a motion for the attendance of witnesses at trial. (Doc. 52.) That same date, Plaintiff filed a document titled "Status Summary," docketed as a motion for extension of time. (Doc. 53.)

Also on September 29, 2025, defense counsel sent an email to Cori Boren, the undersigned's courtroom deputy, advising a settlement dispute had arisen and inquiring into whether the undersigned would consider holding a conference in this matter to address that dispute.

**II.    DISCUSSION CONCERNING SETTLEMENT**

First, the Court acknowledges and shares defense counsel's ex parte communication of September 29, 2025. (*See* Ex. A, attached.) The Court finds the communication improper for it addresses matters beyond procedure and/or scheduling. It concerns contact and conversations

1 between Plaintiff and defense counsel regarding settlement of this action.

2 Next, the Court notes that although the deadline for submission of dispositional documents is today, September 30, 2025, it is clear from both defense counsel's email communication and Plaintiff's filings of September 29, 2025, that those documents are not forthcoming. As to the latter, Plaintiff's "Status Summary" reveals his claimed confusion concerning any dismissal with prejudice of Defendant Saiz (Doc. 53 at 1 ["I had no idea that I would be dismissing H. Siez [sic] in a separate document with prejudice"] & 2 [stating he "never agreed" to dismiss "all three" defendants with prejudice]),[1] advises that he refused to sign revised dismissal documents because he wanted settlement funds to be provided "to a third party" rather than into his inmate trust account (*id.*) and because "a c/o was used to middleman the signing which is very dangerous," claiming he and his family's lives "were threatened by the Green Wall" (*id.* at 2),[2] and finally, Plaintiff asks the Court to appoint counsel "due to [his acute] status" (*id.*).

Notably, this action is scheduled for a pretrial conference on November 10, 2025, at 3:30 p.m., and a jury trial on January 21, 2026, at 8:30 a.m., before District Judge Kirk E. Sherriff. (*See* Docs. 39, 43 [minute order], & 44.) Considering its present procedural posture,[3] the undersigned will set this matter for a status conference. The parties shall appear and shall be prepared to address the following: (1) the status of the signed settlement agreement, and (2) any necessary logistics related to the parties' preparation of this case for trial.

### III.   PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL

As noted above, Plaintiff requests this Court appoint counsel to represent him in this

---

[1] Both documents submitted on July 25, 2025, and signed by Plaintiff on July 17, 2025, clearly indicate the dismissal sought was "with prejudice." (*See* Docs. 45 & 46.)

[2] Other than Plaintiff's vague and conclusory statements, there is no evidence in this record of any threats "by the Green Wall" to Plaintiff or his family, nor is there any evidence that "a c/o was used to middleman the signing [presumably of the revised dispositional documents]" or, even assuming such use, that it was "very dangerous." Thus, the undersigned does not further address Plaintiff's allegations.

[3] As the parties were previously advised in the Second Scheduling Order issued April 29, 2025, *"[t]he dates set in this order are firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed*. Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates." (Doc. 44 at 6, emphasis in original.)

3

1    action "due to [his acute] status." The Court declines to do so.

2    Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions.
3    *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d
4    952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28
5    U.S.C. section 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989).
6    However, in "exceptional circumstances," the Court may request the voluntary assistance of
7    counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

8    Given that the Court has no reasonable method of securing and compensating counsel, the
9    Court will seek volunteer counsel only in extraordinary cases. In determining whether
10   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
11   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
12   complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &
13   citations omitted).

14   First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his
15   claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff did not address the likelihood of his success on the
16   merits of his claims, nor is the likelihood of success evident from the face of his operative
17   complaint. Simply put, the Court has insufficient information to make such a determination. *See*
18   *Garcia v. Blahnik*, No. 14cv875-LAB-BGS, 2016 WL 4269561, at *1 (S.D. Cal. Aug. 15, 2016)
19   ("Where the court has insufficient information to determine the likelihood of success, the
20   likelihood of success factor does not support a finding of exceptional circumstances"). And the
21   fact this action is set for trial does not change that finding. *See Allen v. Beard*, No. 3:16-cv-2713-
22   MMA-KSC, 2018 WL 5819782, at *3 (S.D. Cal. Nov. 7, 2018) (finding plaintiff's claim that
23   "because the Court set a trial date" a likelihood of success on the merits existed to be
24   unpersuasive, and noting that "[s]etting a trial date is standard procedure, regardless of the merits
25   of a party's claim").

26   Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light
27   of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, while Plaintiff did
28   not address the issue, the Court finds Plaintiff able to articulate his claims considering their

4

complexity. This action proceeds on Plaintiff's Eighth Amendment failure to protect and deliberate indifference to serious medical needs claims. Neither claim is complex. *See, e.g.*, *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at * 1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Arroy v. Jeffries*, No. 23-1129, 2023 WL 3010154, at *4 (C.D. Ill. Apr. 19, 2023) (denying motion for appointment of counsel and finding "Plaintiff's failure to protect claim is not complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect"). Notably too, a review of the docket for this action fails to indicate Plaintiff is unable to articulate his claims considering their complexity.

The fact an attorney may be better able to perform research, investigate, and represent Plaintiff at trial does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

To the extent Plaintiff contends his mental state warrants the appointment of counsel, the

1   Court does not agree. *See Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290,
2   at \*3-\*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a
3   deficient general education, lack of knowledge of the law, mental illness and disability, do not in
4   themselves establish exceptional circumstances warranting appointment of voluntary civil
5   counsel"); *Jones v. Stieferman*, 2007 WL 4219169, at \*1 (E.D. Cal., Nov. 29, 2007) ("being
6   disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional
7   circumstances which allow the court to request voluntary assistance of counsel"); *see also*
8   *Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at \*2 (S.D. Cal. Feb. 13, 2018)
9   (impairment must be "an incapacitating mental disability" and be supported by "substantial
10  evidence of incompetence"); *McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at \*2
11  (E.D. Cal. Dec. 11, 2009) ("Plaintiff has submitted evidence of incompetence similar to what the
12  petitioner submitted in *Allen*. However, there is no nexus between his mental disorder and his
13  ability to articulate his claims. Plaintiff's claim that he suffers from a mental illness which
14  prevents him from sufficiently bringing his case is undercut by his pleading").

15  The test is not whether Plaintiff would benefit from the appointment of counsel; the test is
16  whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional
17  circumstances exist warranting the appointment of counsel.

18  **IV.    CONCLUSION AND ORDER**

19  Accordingly, the Court **HEREBY ORDERS**:

20  1. A status conference is **SET** for **October 17, 2025, at 10:00 a.m.**, via Zoom video
21     conferencing. Defense counsel shall make all necessary arrangements to ensure
22     Plaintiff's appearance via Zoom video conferencing from his place of confinement.
23     The Court will issue a writ of habeas corpus ad testificandum as appropriate.
24     Zoom log in information will be provided by the Court prior to the date set for the
25     status conference.
26  2. At the status conference, the parties shall be prepared to address the status of the
27     signed settlement agreement, as well as any logistical issues or concerns related to
28     their preparation for the January 21, 2026, trial before District Judge Sherriff.

3. Plaintiff's request for the appointment of counsel is **DENIED**.
4. Nothing in this order affects the procedures or deadlines outlined in the Court's Second Scheduling Order issued April 29, 2025 (*see* Doc. 44).
5. The undersigned will issue a ruling on Plaintiff's motion concerning the attendance of witnesses at trial after October 13, 2025 (the deadline for the submission of any opposition) and in due course.
6. The Clerk of the Court is **DIRECTED** to terminate the motion for extension of time (Doc. 53) filed September 29, 2025.

IT IS SO ORDERED.

Dated:   **October 1, 2025**

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**From:** Patricia Kealy <Patricia.Kealy@doj.ca.gov>
**Sent:** Monday, September 29, 2025 2:26 PM
**To:** Cori Boren <CBoren@caed.uscourts.gov>
**Cc:** Joanna Hood <Joanna.Hood@doj.ca.gov>; Angie Brodbeck <Angie.Brodbeck@doj.ca.gov>
**Subject:** Kose v. Siez, et al. (Case No. 1:23-cv-00557 KES-CDB) – Request for Conference re Settlement Dispute

Hello,

I hope that you are well! I am the DAG assigned to the *Kose v. Siez, et al.* (1:23-cv-00557 KES-CDB) case. A settlement dispute has arisen in this case and based on my review of Judge Baker's standing orders, I would like to inquire whether Judge Baker would be open to scheduling a conference with the parties to resolve this dispute in a manner similar to the procedures set forth for informal resolution of discovery disputes.

The parties negotiated a settlement in this case on July 17, 2025, and Plaintiff contemporaneously signed the settlement agreement outlining the terms and conditions of the settlement, two separate stipulations for voluntary dismissal (for different Defendants), and a Payee Data Record (PDR) form. The settlement was reached by the parties directly without a formal settlement conference before a magistrate judge. However, since then, several disputes have arisen regarding the completion of all settlement-related documentation, including a single Stipulation for Voluntary Dismissal of all Defendants and the PDR form (the one previously completed by Plaintiff was signed in the incorrect spot). As noted above, the settlement agreement has already been signed and, therefore, does not need to be signed again.

Plaintiff and I have spoken several times by phone and communicated by letters in an attempt to resolve these disputes. At Plaintiff's request, on Friday, September 26, 2025, I met with Plaintiff in person at his current institution of incarceration, the California Health Care Facility (CHCF), to answer additional questions for Plaintiff, show him copies of settlement documents that he had previously signed, and to retrieve signed copies of the outstanding settlement paperwork, including the Stipulation for Voluntary Dismissal of all Defendants and a new PDR form. Despite assurances that he would sign the remaining settlement documents if I made the in-person visit, Plaintiff refused to sign them and expressed his desire to renegotiate a settlement in this case.

Therefore, I respectfully request that the Court schedule a conference with the parties and Judge Baker to resolve the apparent settlement dispute that has arisen.

Please let me know if there is any additional information I can provide. Thank you in advance for your time.

Kind regards,
Patricia Kealy

**Patricia M. Kealy | Deputy Attorney General | California Department of Justice**
Correctional Law Section | 1300 I Street | Sacramento, CA 95814
*t* (916) 210-7366 | *e* patricia.kealy@doj.ca.gov